**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN HUDDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-334-MTS |
| | ) | |
| JAMES FROESE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant James Froese's Motion to Dismiss and/or Strike, Doc. [17]. Plaintiff Glen Hudder initially filed his Complaint, Doc. [8], in the Circuit Court of St. Charles. Thereafter, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 and § 1446. Doc. [1]. Plaintiff then amended his Complaint, Doc. [16]. Now, Defendant seeks dismissal of Count II of Plaintiff's Amended Complaint.[1]  For the reasons that follow the Court will deny Defendant's Motion.

**I.    Background**

On or about June 26, 2022, Plaintiff and Defendant were operating motor vehicles in St. Charles County, Missouri, when Defendant allegedly violated a red traffic signal and made a left turn resulting in a collision with Plaintiff's vehicle. Doc. [16] ¶¶ 6-9.  As a result of the accident, and the alleged improper adherence to traffic signals, Plaintiff filed suit alleging claims for negligence and negligence per se. *Id.* at 2,4.  It is Plaintiff's contention that Defendant's conduct violated § 310.060 of the City of St. Charles' Code of Ordinances, as well as Mo. Rev. Stat. §§ 304.351 and 304.281. *Id.* ¶¶ 18-19.

---

[1] Defendant's Motion is also denoted as a Motion to Dismiss and/or More Definite Statement. *See* Doc. [17].  However, the Motion only discusses dismissal of Plaintiff's negligence per se claims.  Neither the Motion, nor the supporting memorandum contemplates where a more definitive statement is necessary or required.

These sections read as follows:

Vehicular traffic facing a steady red signal alone shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until a green indication is shown.

St. Charles, Missouri, Ordinance tit. II, § 310.060.3.a.

Vehicular traffic facing a steady red signal alone shall stop before entering the crosswalk on the near side of the intersection at a clearly marked stop line, if none, then before entering the intersection and shall remain standing until an indication to proceed is shown[.]

Mo. Rev. Stat. § 304.281(3)(a).

The driver of a vehicle within an intersection intending to turn left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Mo. Rev. Stat. § 304.351(3).  Defendant now seeks dismissal of Count II.

## II.    Discussion

"Whether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided against it." *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002).  "Negligence per se 'is a form of ordinary negligence that results from violation of a statute,'" and "arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct." *Id.*  When the legislature has done so, "the court then adopts the statutory standard of care to define the standard of conduct of a reasonable person," and "the jury is instructed on the statutory standard of care rather than the care of the reasonable person." *Id.* Therefore, the Court must consider the legislative intent of § 310.060, § 304.281, and § 304.351.[2]

Here, the codes referenced by Plaintiff's Amended Complaint set out a standard of care sufficient to allege a claim of negligence per se.  As mentioned, § 310.060 provides that vehicles

---

[2] Mo. Rev. Stat. § 304.281 has previously been found to be a valid premise for a negligence per se action, and as a result, it will not be evaluated further.  *See Wheeler ex rel. Wheeler v. Phenix*, 335 S.W.3d 504 (Mo. Ct. App. 2011).

facing a red traffic signal shall "stop before entering the crosswalk" or "intersection."  Section 304.351 provides a similar prohibition that drivers "shall yield the right of way to any vehicle approaching from the opposite direction."  Mo. Rev. Stat. § 304.351.  These are within the "class of safety statutes on which negligence per se is ordinarily based."  *Lowdermilk*, 91 S.W.3d at 628.  Furthermore, each statute indicates the specific conduct that constitutes a violation allowing it to serve as the basis of a negligence per se claim.  *See id.*; *see also Cisco v. Mullikin*, 4:11-cv-295-RWS, 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012) (explaining that a statute "prohibit[ing] driving on the wrong side of the road" was "properly submitted under *negligence per se* theory because it indicates specific conduct that violates the statute"); *cf. Whittaker v. CRST Malone, Inc.*, 4:18-cv-1048-HEA, 2019 WL 931966, at *1 (E.D. Mo. Feb. 26, 2019) (explaining that negligence *per se* cannot be claimed where a statute "does not indicate specific conduct that constitutes a violation and does not set out a statutory standard of care").  Therefore, because the legislature has detailed in the statutes what the conduct of a reasonable person must be—specifically that drivers shall stop before the crosswalk and remain standing until a green signal, as well as to yield the right of way, respectively—a claim of negligence per se has been properly alleged.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and/or Strike, Doc. [17], is **DENIED**.

Dated this 28th day of August 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE